E-FILED
Thursday, 13 June, 2019 10:00:45 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| ROBERT HUMES, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | No. 3:19-CV-3050 |
| ) | |
| SAMUEL ROSARIO, in his official ) | |
| and individual capacities; KENNY ) | |
| WINSLOW, in his official and ) | |
| individual capacities; and THE ) | |
| CITY OF SPRINGFIELD, ILLINOIS, ) | |
| ) | |
|     Defendants. ) | |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge.**

In February 2019, Plaintiff Robert Humes filed a five-count Complaint against Defendants Samuel Rosario, who was at all times relevant employed as a police officer for the City of Springfield; Kenny Winslow, the Chief of Police; and the City of Springfield, Illinois. Officer Rosario and Chief Winslow are sued in their official and individual capacities. Plaintiff brings claims pursuant to 42 U.S.C. § 1983, alleging that Officer Rosario unreasonably seized Plaintiff and deprived Plaintiff of liberty without due process of law in violation of the Fourth, Fifth, and

Fourteenth Amendments to the United States Constitution (Count One) and alleging that Chief Winslow and the City of Springfield failed to train Officer Rosario and other officers in the Springfield Police Department (Count Two). Plaintiff also brings state law claims against Officer Rosario for assault and battery and against the City under a respondeat superior liability theory (Counts Three through Five).

The City and Chief Winslow move to dismiss the claims against them. The Motion to Dismiss (d/e 4) is GRANTED IN PART and DENIED IN PART. Count Two is dismissed without prejudice for failure to state a claim. Count Five states a claim that the City is liable under a theory of respondeat superior for Officer Rosario's alleged assault and battery of Plaintiff.

## I. JURISDICTION

This Court has subject matter jurisdiction because Plaintiff brings claims based on 42 U.S.C. § 1983, a federal law. See 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States"). The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. Venue is

proper because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district. 28 U.S.C. § 1391(b)(2).

## II. LEGAL STANDARD

A motion under Rule 12(b)(6) challenges the sufficiency of the complaint. Christensen v. Cty. of Boone, Ill., 483 F.3d 454, 458 (7th Cir. 2007). To state a claim for relief, a plaintiff need only provide a short and plain statement of the claim showing the plaintiff is entitled to relief and giving the defendants fair notice of the claims. Tamayo v. Blagojevich, 526 F.3d 1074, 1081 (7th Cir. 2008).

When considering a motion to dismiss under Rule 12(b)(6), the Court construes the complaint in the light most favorable to the plaintiff, accepting all well-pleaded allegations as true and construing all reasonable inferences in plaintiff's favor. Id. However, the complaint must set forth facts that plausibly demonstrate a claim for relief. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 547 (2007). A plausible claim is one that alleges factual content from which the Court can reasonably infer that the defendants are liable for the misconduct alleged. Ashcroft v. Iqbal,

556 U.S. 662, 678 (2009). Merely reciting the elements of a cause of action or supporting claims with conclusory statements is insufficient to state a cause of action. Id.

### III. FACTS ALLEGED IN THE COMPLAINT

The following facts come from the Complaint and are accepted as true at the motion to dismiss stage. Tamayo, 526 F.3d at 1081.

On February 27, 2017, Officer Rosario arrived at Plaintiff's residence to investigate a possible crime committed by an individual other than Plaintiff. Compl. ¶ 9. During Officer Rosario's official investigation of the possible crime, he had a conversation with Plaintiff. Id. ¶ 10. During the conversation with Plaintiff, Officer Rosario suddenly "assaulted and beat" Plaintiff. Id. ¶ 11. Officer Rosario tackled Plaintiff, physically restrained him, and repeatedly punched Plaintiff on his face, head, and other parts of his body. Id. ¶ 13. Plaintiff did not verbally or physically provoke Officer Rosario. Id. ¶ 12. Officer Rosario did not witness Plaintiff commit a crime or have probable cause to believe Plaintiff committed any crime. Id. ¶ 15. Officer Rosario's assault on Plaintiff resulted in

Plaintiff being physically and emotionally injured and made to suffer public ridicule and personal embarrassment. Id. ¶ 18.

Plaintiff further alleges that Chief Winslow and the City were responsible for the administration of the Springfield Police Department and the development of policy and training of said department. Compl. ¶¶ 19, 20. Chief Winslow and the City failed to properly train and instruct Officer Rosario and officers of the Springfield Police Department and this failure resulted in Plaintiff being subjected to an unjustified assault. Id. ¶ 28. Chief Winslow and the City knew that their course and habits of conduct violated known and established constitutionally protected rights and that their acts were carried out willfully, wantonly, maliciously, and with deliberate indifference to the rights of Plaintiff. Id. ¶¶ 30, 31.

In May 2019, the City and Chief Winslow filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendants move to dismiss Count Two, the failure to train claim against the City and Chief Winslow, and Count Five, the respondeat superior claim against the City.

# IV. ANALYSIS

## A.    Count Two is Dismissed For Failure to State a Claim

The City moves to dismiss Count Two, the failure to train claim, arguing that the Complaint consists solely of conclusory allegations unsupported by any accompanying facts other than Plaintiff's own experience of alleged excessive force. Chief Winslow moves to dismiss Count II against him in his official capacity for the same reasons raised by the City. Chief Winslow further argues that the claim against him in his individual capacity fails because Plaintiff does not allege any direct or personal involvement or participation by Chief Winslow regarding the incident and the alleged injuries suffered by Plaintiff.

Plaintiff responds that Officer Rosario's alleged assault of Plaintiff, while knowing his conduct was being video recorded, is a clear indication of either Officer Rosario's lack of training or the failure to train by the City or Chief Winslow. Plaintiff asserts that Officer Rosario's "brazen misconduct" alone suggests a widespread practice.

A municipality can be liable under § 1983 where a custom, policy, or practice effectively caused or condoned the alleged

constitutional violations.  Monell v. Dep't of Soc. Servs. of the City of New York, 436 U.S. 658, 690-91 (1978); see also Matthews v. City of E. St. Louis, 675 F.3d 703, 708 (7th Cir. 2012).  A claim against a city employee in his official capacity is treated as a claim against the city.  Kentucky v. Graham, 473 U.S. 159, 165 (1985).

To state a Monell claim, a plaintiff must allege that (1) he has suffered the deprivation of a constitutional right and (2) that an official custom or policy of the local government caused that deprivation.  See Wagner v Washington Cty., 493 F.3d 833, 836 (7th Cir. 2007).  A plaintiff may establish an official policy or custom by showing: (1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a "custom or usage" with the force of law; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority.  Palmer v. Marion Cty., 327 F.3d 588, 594-95 (7th Cir. 2003) (citations omitted).

In limited circumstances, a municipality's decision not to train employees can rise to the level of a government policy.  Connick v.

Thompson, 563 U.S. 51, 61 (2011).  A municipality's failure to train and supervise employees constitutes a policy or custom if it "amount[s] to 'deliberate indifference to the rights persons with whom the [untrained employees] come into contact.'"  Id. (quoting City of Canton, Ohio v. Harris, 489 U.S. 378, 388 (1989)); see also Sornberger v. City of Knoxville, Ill., 434 F.3d 1006, 1029 (7th Cir. 2006) ("Establishing Monell liability based on evidence of inadequate training or supervision requires proof of 'deliberate indifference' on the part of the local government.").

"A pattern of similar constitutional violations by untrained employees is 'ordinarily necessary' to demonstrate deliberate indifference for purposes of failure to train."  Connick, 563 U.S. at 62 (quoting Bd. of Comm'rs of Bryan Cty. v. Brown, 520 U.S. 397, 409 (1997)) (further noting that "[w]ithout notice that a course of training is deficient in a particular respect, decisionmakers can hardly be said to have deliberately chosen a training program that will cause violations of constitutional rights").  However, in rare cases, a single incident may be sufficient to demonstrate deliberate indifference if the unconstitutional consequences of failing to train are obvious.  Canton, 489 U.S. at 390 n. 10 (giving hypothetical

example that city policymakers know that officers will be required to arrest fleeing felons and arm the officers with guns to allow them to do so; therefore, the need to train the officers in the constitutional limitation on the use of deadly force is so obvious that the failure to do so could be characterized as deliberate indifference).

Here, Plaintiff's "failure to train" claim against the City and Chief Winslow is too conclusory to state a plausible claim for relief. Plaintiff alleges the City and Chief Winslow failed to train officers, knew their conduct violated established constitutional rights, and acted willfully, wantonly, maliciously, and with deliberate disregard to Plaintiff's rights. Plaintiff also alleges that the failure to train resulted in Plaintiff's injury. However, these are only conclusory allegations. Plaintiff sets forth no facts that plausibly demonstrate a custom or policy of the City or conduct by Chief Winslow that caused the alleged deprivation of Plaintiff's constitutional rights. Moreover, Plaintiff does not allege facts from which it can be inferred that this is a case involving a single incident that is sufficient to demonstrate deliberate indifference because the unconstitutional consequences of failing to train are obvious. Merely reciting the elements of a cause of action is insufficient to

state a claim.  See Ashcroft, 556 U.S. at 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.")(citing Twombly, 550 U.S. at 555-56).  Therefore, Count II is dismissed without prejudice and with leave to amend.

**B.  Plaintiff States a Respondeat Superior Claim Against the City Based on the Alleged Assault and Battery**

The City next moves to dismiss Count Five.  In Count Five, titled "Respondeat Superior," Plaintiff alleges that the City of Springfield Police Department is vicariously liable for all of the actions of Officer Rosario as described in the Complaint because his actions were performed in the course of his official employment.  Compl. ¶ 44.

The City asserts Count Five must be dismissed because Plaintiff fails to include a prayer for relief, the allegations are conclusory, and a municipality cannot be held liable under § 1983 on a respondeat superior theory.  The City also notes that Paragraphs 42 and 43 reference the "City of Springfield Missouri police department," and the City of Springfield, Missouri is not a defendant in this lawsuit.

Plaintiff's reference to Missouri appears to be a typographical error. Plaintiff clearly intended to refer to the City of Springfield, Illinois, the named defendant. In addition, Count Five incorporates by reference Paragraphs 35 and 40, which are the prayers for relief set forth in Count Three—the state law assault claim—and Count Four—the state law battery claim—against Rosario. The Court will not dismiss Count Five on these grounds.

The City is correct that a municipality cannot be held liable under § 1983 on a respondeat superior theory. <u>Rodriguez v. Plymouth Ambulance Serv.</u>, 577 F.3d 816, 822 (7th Cir. 2009) ("It has long been established that there is no respondeat superior liability under section 1983."). However, the Complaint contains two state law tort claims. Under Illinois law, an employer can be liable for the tort of an employee if the tort was committed within the scope of employment. <u>Adames v. Sheahan</u>, 233 Ill.2d 276, 298 (2009). The employer's vicarious liability extends to "the negligent, willful, malicious or even criminal acts of its employees, when those acts are committed within the scope of employment." <u>Id.</u> Therefore, the Court will deny the motion to dismiss Count Five to the extent that Plaintiff brings a state respondeat superior claim against the

City alleging vicarious liability for Officer Rosario's alleged assault and battery.

## V. CONCLUSION

For the reasons stated, the Motion to Dismiss (d/e 4) is GRANTED IN PART and DENIED IN PART. Count Two is dismissed without prejudice. Plaintiff may file an amended complaint on or before June 26, 2019. If Plaintiff does not file an amended complaint, the City shall file an answer on or before July 8, 2019.

**ENTERED: June 12, 2019**

**FOR THE COURT:**

                <u>s/Sue E. Myerscough</u>
                **SUE E. MYERSCOUGH**
                **UNITED STATES DISTRICT JUDGE**