## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT HUMES ) <br> ) <br>       **Plaintiff,** ) <br> ) <br> v. ) <br> ) <br> ) <br> **SAMUEL ROSARIO,** ) <br> **In his Official and Individual Capacities** ) <br> **and** ) <br> ) <br> **KENNY WINSLOW,** ) <br> **In his Official and Individual Capacities** ) <br> **and** ) <br> ) <br> **THE CITY OF SPRINGFIELD, ILLINOIS.** ) <br> **A political subdivision** | Case No. 19-cv-3050 <br><br> **JURY TRIAL DEMANDED** |

## FIRST AMENDED COMPLAINT

COMES NOW, Robert Humes by and through his attorney, Jay R. Anielak, and for his cause of action against Defendants, state as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to 42 U.S.C §1983, 28 U.S.C §1331 and 28 U.S.C §1343(a). All jurisdiction, venue and statute of limitations requirements have been met.

2. Venue in the United States District Court for the Western District of Illinois is proper under 28 U.S.C §1391. The events described herein took place in Springfield, Sangamon County, Illinois and the defendants reside in the Central District of Illinois.

## PARTIES

3. Plaintiff Robert Humes is a citizen of the United States, and resident of Springfield, Sangamon County, Illinois.

4. Defendant Samuel Rosario is a resident of Springfield, Sangamon County, Illinois and at all times relevant herein was employed as a police officer for the city of Springfield, Illinois.

5. Defendant Kenny Winslow was the Chief of Police of Springfield, Illinois, a governmental subdivision of the State of Illinois and is a resident of Springfield, Sangamon County, Illinois.

6. Defendants Rosario and Winslow are sued in their official and individual capacities.

7. Defendant City of Springfield is a governmental subdivision of the State of Illinois and supervising body of the Springfield Police Department. All the actions complained of in this cause were as a direct and proximate result of the official policy of the city of Springfield.

## FACTS COMMON TO ALL COUNTS

8. At all times relevant herein, the acts complained of by defendants were taken under the color of law.

9. On or about February 27, 2017, defendant Rosario arrived at the residence of plaintiff Humes in Springfield, Illinois, in order to investigate a possible crime committed by an individual at the residence, known to defendant Rosario not be plaintiff Humes.

10. During Rosario's official investigation of the possible crime, he engaged in a conversation with plaintiff Humes.

11. During the conversation, Rosario suddenly assaulted and beat plaintiff Humes who was standing in the front yard of his residence in Springfield, Illinois.

12. Rosario was not verbally or physically provoked by plaintiff Humes.

13. Rosario's attack on plaintiff Humes consisted of tackling him and repeatedly punching Humes on his face, head, and other parts of his body.

14. Rosario physically restrained plaintiff Humes while tackling and punching him.

15. Defendant Rosario neither witnessed plaintiff commit a crime nor had probable cause to believe plaintiff committed any crime.

16. Defendant Rosario did not arrest plaintiff for any crime.

17. Plaintiff unsuccessfully attempted to ward off defendant Rosario's assault.

18. Defendant Rosario's assault on plaintiff resulted in plaintiff being physically and emotionally injured and made to suffer public ridicule and personal embarrassment, causing him to fear defendant and the police generally.

19. Defendant Winslow, as Chief of Police of the Springfield, Illinois Police Department, was responsible for the administration of the Springfield Police Department and the development of policy and training of said department.

20. Defendant City of Springfield was responsible for the administration of the Springfield Police Department and the development of policy and training of said department.

## COUNT ONE

## PLAINTIFF'S CLAIM FOR VIOLATION OF 42 U.S.C. §1983;

## Violation of Rights pursuant to 4th, 5th, and 14th Amendments to the United States Constitution

21. Plaintiff incorporates by reference statements contained in paragraphs 1 through 20 above and the statements contained in each of the Counts of this Complaint.

22. Defendant Rosario made an illegal and improper use of the criminal investigation process when he accosted Plaintiff on his own property, and proceed to assault and beat him in full view of neighbors and onlookers.

23. Such behavior and activity was neither warranted nor authorized by the criminal investigation process, as such was an unreasonable seizure and a violation of due process rights afforded by the Constitution of the United States.

24. Defendant Rosario acted in his official capacity as a law enforcement officer to deny plaintiff Humes due process of law.

25. Defendant' Rosario's acts were carried out willfully, wantonly, maliciously, and with such reckless disregard for the consequences as to demonstrate a conscious and deliberate indifference to the rights of plaintiff.

26. Plaintiff brings this action, pursuant to 42 USC 1983, to address the deprivation of

plaintiff's rights under the 4th, 5th, and 14th amendments to the United States Constitution to be free from unreasonable seizures and from deprivation of liberty without due process of law.

**WHEREFORE**, Plaintiff prays for judgment in his favor against Defendants and requests the following relief:

a. A declaration that the acts of Defendant constitutes of a violation of plaintiff's constitutional rights;

b. Actual damages in a fair and reasonable amount against defendant, plus interest on said sum at a rate of nine percent per annum on or from the date of plaintiff's injuries, or alternatively from the date this complaint is filed;

c. That punitive damages be assessed against defendant in such amount as will properly punish said defendant and make an example of defendant;

d. That defendant be required to reimburse Plaintiff for the cost of this action and reasonable attorney fees and costs of litigation incurred.

## COUNT TWO

## PLAINTIFF'S CLAIM FOR VIOLATION OF 42 U.S.C. §1983;

## FAILURE TO TRAIN AND SUPERVISE

**(Defendants WInslow and City of Springfield)**

27. Plaintiff incorporates by reference statements contained in paragraphs 1 through 26 above and the statements contained in each of the Counts of this Complaint.

28. Defendant Winslow in his official and individual capacities and the City of Springfield failed to properly train, instruct, and supervise Defendant Rosario and officers of the Springfield Police Department and this failure resulted in plaintiff being subjected to an unjustified assault at the hands of Defendant Rosario, said acts carried out "under the color of law."

29. The wrongs suffered by plaintiff because of Defendant Winslow and the City of Springfield's failure to train and supervise occurred during the illegal assault upon plaintiff by

Defendant Rosario and thus deprived him of his civil rights under 42 U.S.C. §1983, the 4th, 5th, and and 14th Amendments to the United States Constitution.

30. Defendants Winslow and the City of Springfield were aware that officer morale was very low at the time of the events described herein.

31. In October 2017, Sergeant Grant Barksdale of the Springfield Police Department stated that, *for a few years prior*, widespread dissatisfaction from within the ranks of the Springfield police officers put Defendants Winslow and the City of Springfield on notice that the education of employees as to their duties, the development of department personnel, and the establishment of professional standards for employees was severely deficient.

32. A poll of 82% of the membership of the union representing Springfield Police officers showed that 84% believed that Defendant Winslow's performance in establishing professional standards for employees was unsatisfactory, during a time period covering the date of Defendant Rosario's assault of plaintiff Humes.

33. The same poll also showed that 85% of Springfield officers believed that Defendant Winslow's performance in education of employees as to their duties was unsatisfactory, during a time period covering the date of Defendant Rosario's assault of plaintiff Humes.

34. Previous attempts to remedy the Springfield officers' complaints regarding training and professional standards "fell on deaf ears."

35. Defendant Winslow did not have a written employment contract with the City of Springfield at all times relevant herein, even though previously hired chiefs of police of the City of Springfield had written contracts containing employment duties and performance criteria, such as establishing professional standards and educating employees as to their duties.

36. Defendants Winslow and the City of Springfield were aware that Defendant Rosario had been the subject of previous reports of violent outbursts including the slamming of his fist on an automobile during a routine traffic stop.

37. Defendants Winslow and the City of Springfield were aware that Defendant Rosario had previously pulled his taser on a man sitting down at a warming center for refusing his order to get up.

38. Defendants Winslow and the City of Springfield were aware that Defendant Rosario was experiencing significant difficulties at home and that he suffered from lack of sleep on the day of Defendant Rosario's assault of Plaintiff Humes.

39. Internal affairs files reveal that Defendant Rosario's supervisors had noticed "something amiss" in the days leading up to Defendant Rosario's assault of plaintiff Humes.

40. Defendant Rosario had informed his superiors the day before his assault of plaintiff Humes that he was having a hard time at home.

41. When Defendant Rosario informed his superiors that he was struggling balancing his official duties and his personal problems, he received no response at all which he described as "a blank stare."

42. Lieutenant Sara Pickford of the Springfield Police Department stated that she was "kind of worried" and something bothered her when he was late the day before he assaulted plaintiff Humes and she heard that he was having trouble with his family. She said, "he just looked really sad when he came to work."

43. Defendants Winslow and the City of Springfield's failure to respond to the problems brought to their attention by Defendant Rosario and other Springfield police officers is clear evidence of their deliberate indifference to such matters and to the rights of persons with whom such an untrained employee comes into contact.

44. Defendants Winslow and the City of Springfield's failure to address the problems concerning the education of employees as to their duties, the development of department personnel and the establishment of professional standards for employees, is clear evidence of their deliberate indifference to such matters and to the rights of persons with whom such untrained employees comes into contact.

45. Defendants Winslow and the City of Springfield's failure to properly train and supervise Defendant Rosario and other officers of the Springfield Police Department, as well as their indifference to numerous complaints regarding training over the course of several years was so widespread as to constitute a course of conduct or custom of failing to train and supervise employees.

46. At the time of the events described in this Complaint, defendants knew their course and habits of conduct violated known and established constitutionally protected rights.

47. The defendant's acts were carried out willfully, wantonly, maliciously, and with such reckless disregard for the consequences as to demonstrate a conscious and deliberate indifference to the rights of plaintiff.

**WHEREFORE**, Plaintiff prays for the order of this Court awarding:

    a. Compensatory damages as will fairly and accurately compensate plaintiff for his injuries;

    b. Punitive damages in such amount as will fairly punish defendants for their conduct;

    c. Reasonable attorney's fees and costs;

    d. Such other relief as the Court may find just and proper.

## **COUNT THREE - ASSAULT**

48. Plaintiff incorporates into this count paragraphs 1 through 47 as if set forth fully herein.

49. Defendant Rosario's actions in engaging in an unprovoked assault on plaintiff is a tortious assault under the common law of the State of Illinois.

50. Defendant Rosario's acts constituting the tort of assault arose out of and were performed in connection with his official duties on behalf of the City of Springfield.

51. As a result of defendant Rosario's actions, plaintiff was damaged by suffering physical injury, humiliation, embarrassment, and emotional trauma, the costs of litigation and attorney fees.

**WHEREFORE**, Plaintiff prays for judgment in Count III in his favor against Defendant Rosario and requests the following relief:

    a.    Declaration that the acts of defendant constitute tortious assault under the laws of the State of Illinois;

    b.    Actual damages in a fair and reasonable amount against Defendant Rosario, plus interest on said sum at a rate of nine percent per annum on or from the date of plaintiff's injuries, or alternatively from the date this complaint is filed; and

    c.    That defendant be required to reimburse plaintiff for the costs of this action and reasonable attorney fees incurred.

    d.    Such other relief as the Court may find just and proper.

## **COUNT FOUR - BATTERY**

52.    Plaintiff incorporates into this count paragraphs 1 through 51 as if set forth fully herein.

53.    Defendant Rosario's actions in engaging in an unprovoked assault on plaintiff is a tortious battery under the common law of the State of Illinois.

54.    Defendant Rosario's acts constituting the tort of battery arose out of and were performed in connection with his official duties on behalf of the City of Springfield.

55.    As a result of Defendant Rosario's actions, plaintiff was damaged by suffering physical injury, humiliation, embarrassment, and emotional trauma, the costs of litigation and attorney fees.

**WHEREFORE**, Plaintiff prays for judgment in Count IV in his favor against Defendant Rosario and requests the following relief:

    a.    Declaration that the acts of Defendant constitute tortious battery under the laws of the State of Illinois;

    b.    Actual damages in a fair and reasonable amount against Defendant Rosario, individually, plus interest on said sum at a rate of nine percent per annum on or from the date of plaintiff's

injuries, or alternatively from the date this complaint is filed; and

    c.    That defendant be required to reimburse plaintiff for the costs of this action and reasonable attorney fees incurred.

    d.    Such other relief as the Court may find just and proper.

## **COUNT FIVE – RESPONDEAT SUPERIOR**

56. Plaintiff incorporates into this count paragraphs 1 through 55 as if set forth fully herein.

57. At all times, relevant herein, defendant Rosario was employed by the Springfield Illinois Police Department and was acting in his official capacity as a police officer.

58. Defendant City of Springfield Illinois was responsible for the training, supervision, and oversight of defendant as an officer of the Springfield police department,

59. Pursuant to relevant statutes and case law, defendant City of Springfield is vicariously liable for all of the tortious actions of defendant Rosario described in this Complaint as he was an employed on-duty officer when the events described in this Complaint occurred, as his actions were performed in the course of his official employment.

60. Defendants Rosario and the City of Springfield are not entitled to official or qualified immunity for their acts in that their conduct violated clearly established statutory and constitutional rights, specifically not to have one's liberty deprived without due process of law.

**WHEREFORE**, Plaintiff prays for judgment in Count V in his favor against Defendant City of Springfield, Illinois and requests the following relief:

    a.    Declaration that the City of Springfield, Illinois is vicariously liable and responsible for all of the tortious actions of Defendant Rosario described in this Complaint;

    b.    Actual damages in a fair and reasonable amount against the City of Springfield, Illinois, plus interest on said sum at a rate of nine percent per annum on or from the date of plaintiff's injuries, or alternatively from the date this complaint is filed; and

c. That defendant be required to reimburse plaintiff for the costs of this action and reasonable attorney fees incurred.

d. Such other relief as the Court may find just and proper.

## JURY TRIAL REQUEST

61. Plaintiff demands a jury trial of all issues properly triable by jury.

Respectfully submitted,

*/s/ Jay Robert Anielak*
**Jay Robert Anielak** #52349
308 E. High Street, Suite 106
Jefferson City, Missouri 65101
Telephone: 573/291-3995
Facsimile: 573/634-8447
Email: janielak@embarqmail.com

ATTORNEY FOR PLAINTIFF