UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| **ROBERT HUMES,** | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) No. 19-cv-3050 |
| **SAMUEL ROSARIO,**<br>In his Official and Individual Capacities and | ) ) ) ) ) |
| **KENNY WINSLOW,**<br>In his Official and Individual Capacities and | ) ) ) ) ) |
| **CITY OF SPRINGFIELD, ILLINOIS** | ) ) |
| Defendants | |

### DEFENDANT CITY OF SPRINGFIELD'S AND KENNY WINSLOW'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

**NOW COMES** Defendants, City of Springfield and Springfield Chief of Police Kenny Winslow, by and through their attorney John M. Zimmerman, Assistant Corporation Counsel, and for its Memorandum in Support of Motion to Dismiss Plaintiff's First Amended Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6) state as follows:

### INTRODUCTION

Plaintiff filed a five-count Complaint (D.E. #1) against Defendants, the City of Springfield, Chief Kenny Winslow (Springfield Chief of Police), and Mr. Samuel Rosario (Former Springfield Police Officer). Relevant to this motion to dismiss, the City of Springfield is being sued for failure to train pursuant to 42 U.S.C. § 1983 (Count II) as

well as under the legal theory of respondent superior (Count V). (D.E. #1) Defendant Chief Winslow is being sued in his official and individual capacities for failure to train pursuant to 42 U.S.C. § 1983 (Count II). (D.E. #1, ¶ 21) The remaining counts (Counts I, III, IV) are brought forth against Defendant Rosario and do not reference or include Defendants the City of Springfield and/or Chief Winslow. (D.E. #1)

On May 23, 2019, Defendants City of Springfield and Chief Winslow filed their motion to dismiss Plaintiff's complaint for failure to state a claim. (D.E. #4) On June 6, 2019, Plaintiff filed his response to Defendants' motion. (D.E. #8) On June 13, 2019, this Court granted in part and denied in part Defendants' motion. (D.E. #9) This Court dismissed Count II without prejudice and allowed plaintiff to file an amended complaint. (D.E. #9) On June 26, 2019, Plaintiff filed his first amended complaint alleging additional facts against Defendants regarding Count II. (D.E. #12, ¶¶ 30-47) Plaintiff also added a prayer for relief in Count V. (D.E. #12, ¶ 60) No additional substantive changes were made in Plaintiff's first amended complaint. (D.E. #12)

## FACTS ALLEGED IN THE FIRST AMENDED COMPLAINT

On or about February 27, 2017, Defendant Rosario was employed as a police officer for the City of Springfield. (D.E. #12, ¶ 4) At this time, Chief Winslow was responsible for the administration of the Springfield Police Department and the development of policy and training of said department. (D.E. #12, ¶ 19) Moreover, the City of Springfield was responsible for the administration of the Springfield Police Department and the development of policy and training of said department. (D.E. #12, ¶ 20)

On or about February 27, 2017, Defendant Rosario arrived at Plaintiff's residence in order to investigate a possible crime committed by an individual known to Defendant Rosario to be someone other than Plaintiff. (D.E. #12, ¶ 9) Throughout Defendant Rosario's official investigation of a possible crime, he engaged in a conversation with Plaintiff. (D.E. #12, ¶ 10)

According to Plaintiff, at one point in the conversation, Defendant Rosario suddenly assaulted and beat Plaintiff who was standing in the front yard of his residence in Springfield, Illinois. (D.E. #12, ¶ 11). Plaintiff alleges Defendant Rosario neither witnessed Plaintiff commit a crime nor had probable cause to believe Plaintiff committed any crime. (D.E. #12, ¶ 15) The complaint alleges Defendant Rosario's assault resulted in Plaintiff being physically and emotionally injured and was made to suffer public ridicule and personal embarrassment. (D.E. #12, ¶ 18) Following this incident, Plaintiff filed this five-count complaint against Defendants. (D.E. #12).

Relevant to this first amended complaint, Plaintiff alleges additional facts in Count II stating "officer morale was very low" for support of his failure to train claim. (D.E. # 12, ¶¶ 30-32) Plaintiff argues a poll of some sort provides evidence for Chief Winslow's and the City's failure to properly train. (D.E. # 12, ¶ 34) He also alleges Defendants were aware of or should have been aware of issues Officer Rosario was having near the time of the incident in this case. (D.E. # 12, ¶¶ 36-42)

Defendants City of Springfield and Chief Winslow bring this motion to dismiss Plaintiff's cause of action pursuant to Federal Rule of Civil Procedure 12(b)(6) as the Plaintiff's first amended complaint still fails to provide facts upon which the Plaintiff is entitled to relief.

**LEGAL STANDARD**

Federal Civil Rule of Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the…claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Id.*

On a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* Factual allegations must be enough to raise a right to relief above the speculative level. *See:* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp 235-236 (3d ed. 2004). The pleading must contain something more…than…a statement of facts that merely creates a suspicion of a legally cognizable right of action on the assumption that all the allegations in the complaint are true (even if doubtful in fact). *Twombly* at 555.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* Where a complaint pleads facts that are "merely consistent

with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement of relief.'" *Id.* quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

## ARGUMENT

### I.     Count II – Section 1983 "Failure to Train"

Plaintiff brings Count II against Defendants City of Springfield and Chief Winslow pursuant to 42 U.S.C. § 1983.  He alleges the City of Springfield and Chief Winslow, in his official and individual capacities, failed to properly train and instruct Defendant Rosario and officers of the Springfield Police Department and this failure resulted in plaintiff being subjected to an unjustified assault.

A.     <u>Section 1983 "Failure to Train" Claim Against Defendant City of Springfield</u>

To survive a motion to dismiss a § 1983 claim, a plaintiff must allege facts which show that the defendant(s) deprived him of a right secured by the Constitution or any law of the United States and that the deprivation of that right resulted from the defendant(s) acting under color of law.  *Lekas v. Briley,* 405 F.3d 602, 606 (7th Cir. 2005). In *Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978), the Supreme Court established that "a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." Rather, a municipality is liable "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Monell*, 436 U.S. at 694.

To proceed against Defendant City of Springfield, Plaintiff therefore must allege at least one of the following: that "(1) the City [] had an express municipal policy that, when enforced, causes a constitutional deprivation; (2) the City had a widespread practice that, although not authorized by written law or express municipal policy, is so permanent

and well settled as to constitute a custom or usage within the force or law; or (3) [P]laintiff's constitutional injury was caused by a person with final policymaking authority." *McCormick v. City of Chicago*, 230 F. 3d 319, 324 (7th Cir. 2000).

Here, similar to Plaintiff's initial complaint, Plaintiff does not allege an express policy that caused his injury. Instead, Plaintiff argues in a conclusory manner the City of Springfield failed to properly train and instruct Defendant Rosario and officers of the Springfield Police Department and this failure resulted in plaintiff being subjected to an unjustified assault at the hands of Defendant Rosario. (D.E. #12, ¶ 28) Plaintiff attempts to strengthen his allegations by tying alleged "low morale," a poll of some sort, and past events of Rosario as evidence of failure to train. This is insufficient under federal pleading requirements as set forth in *Iqbal*, 556 U.S. at 678.

When a plaintiff complains of customs, widespread practices, or omissions in policies (as opposed to written or express policies) that allegedly cause a constitutional violation, the plaintiff must establish that "there is a true municipal policy at issue, not a random event" or an "isolated incident." *Calhoun v. Ramsey*, 408 F. 3d 375, 380 (7th Cir. 2005). Such a claim "requires more evidence than a single incident to establish liability." *Id.* In the context of a failure to train theory of liability, the Supreme Court has also emphasized that single incident of misconduct usually is insufficient to establish a policy or custom under § 1983.

In particular, the Court in *Connick v. Thompson*, 131 S. Ct. 1350 (2011), explained:

> "A *pattern of similar constitutional violations* by untrained employees is 'ordinarily necessary' to demonstrate deliberate indifference for purposes of failure to train. Policymakers' 'continued adherence to an approach that they know or should know has failed to prevent tortious conduct by employees may

6

establish the conscious disregard for the consequences of their action—the "deliberate indifference"—necessary to trigger municipal liability.' Without notice that a course of training is deficient in a particular respect, decisionmakers can hardly be said to have deliberately chosen a training program that will cause violations of constitutional rights." 131 S. Ct. at 1360 (internal citations omitted) (emphasis added).

As set forth above, a plaintiff must further show the municipality was deliberately indifferent to the consequences of inadequate training or supervision. See *Sornberger v. City of Knoxville, Ill.*, 434 F. 3d 1006, 1029 (7th Cir. 2006)("Establishing *Monell* liability based on evidence of inadequate training or supervision requires proof of 'deliberate indifference' on the part of the local government."); *Calhoun*, 408 F. 3d at 380 (observing that a *Monell* claim based on a city's failure to adequately train police officers requires proof that "the inadequacies resulted from conscious choice—that is, proof that the policymakers deliberately chose a training program which would prove inadequate."(quoting *Okla. v. Tuttle*, 471 U.S. 808, 823 (1985)). Deliberate indifference may be established by showing the municipality's "failure to provide adequate training in light of foreseeable consequences; or [][a] failure to act in response to repeated complaints of constitutional violations by its officers." *Sornberger*, 434 F. 3d at 1029-30.

Here, as alleged in his first amended complaint, Plaintiff's failure to train allegations are clearly insufficient to support a *Monell* claim. The first amended complaint consists, yet again, of merely conclusory allegations unsupported by any accompanying relevant facts—aside from his own, single experience of alleged excessive force—in support. In other words, Plaintiff fails to allege other similar constitutional violations from which a plausible inference could be drawn that Defendant City of Springfield deliberately implemented inadequate training policies or customs that caused police misconduct, including the alleged beating that Plaintiff suffered.

7

Moreover, Plaintiff's additional statements in his first amended complaint fail to strengthen his allegations. "Low morale," a poll of some sort, and the allegations regarding Officer Rosario's past events provides no support for a failure to train claim. Indeed, the allegations of low morale do not evidence a "pattern of similar constitutional violations." It is completely plausible for a police force to have low morale, yet be adequately trained. Perhaps the alleged low morale is a result of the large amount of training requirements. This speculation is in line with the speculation in Plaintiff's amended copmlaint. Clearly, speculation of this sort does not provide proper support for a failure to train claim and is solely conclusory and insufficient under federal pleading requirements. *Iqbal*, 556 U.S. at 678.

Additionally, allegedly slamming a fist on a vehicle is not a constitutional violation, lawfully "pulling" a Taser on someone for refusing to obey an order is not a constitutional violation, and experiencing difficulties at home and lack of sleep is not a constitutional violation. (D.E. #12, ¶¶ 36-38) Plaintiff, yet again, fails to allege a pattern of similar constitutional violations. *Thompson*, 131 S. Ct. at 1360.

Notably, similar to Plaintiff's initial complaint, he fails to point to any other officer or incident regarding a substantiated constitutional violation that would evidence a pattern. Clearly, there is no pattern, custom, widespread practice, or omission in Springfield Police Department policy that resulted in this alleged incident. Further, Plaintiff's allegations do not provide for the rare case where a single incident may be sufficient to demonstrate a deliberate indifference. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989)(giving hypothetical example that city policymakers know that officers will be required to arrest fleeing felons and arm the officers with guns to allow them to do so; therefore, the need to

8

train the officers in the constitutional limitation on the use of deadly force is so obvious that the failure to do so could be characterized as deliberate indifference). The allegations here are completely different than those set forth in *Harris*, 489 U.S. at 388. Plaintiff fails to allege any lack of policy or omission in policy that led to this alleged constitutional violation.

Accordingly, Plaintiff's allegations are insufficient to show Defendant City of Springfield's deliberate indifference to the constitutional rights of people in Springfield, Illinois. *Swanson*, 614 F. 3d at 404. Thus, his allegations are not plausible, in this context, to infer such deliberate indifference without sufficient allegations of a pattern of similar constitutional violations. As a result, Plaintiff's complaint is insufficient under federal pleading standards regarding Defendant City of Springfield and this count should be dismissed pursuant to Rule 12(b)(6).

B.  Section 1983 "Failure to Train" Claim Against Defendant Chief Winslow

Plaintiff brings Count II against Chief Winslow in his official and individual capacities. To survive a motion to dismiss a § 1983 claim, a plaintiff must allege facts which show that the defendant(s) deprived him of a right secured by the Constitution or any law of the United States and that the deprivation of that right resulted from the defendant(s) acting under color of law. *Lekas v. Briley,* 405 F.3d 602, 606 (7th Cir. 2005). A claim against a city employee in his or her official capacity is treated as a claim against the city. *Grievson v. Anderson*, 538 F. 3d 763, 770 (7th Cir. 2008). Moreover, "'[a]n *individual* cannot be held liable in a § 1983 action unless he caused or participated in [the] alleged constitutional deprivation.'" *Starzenski v. City of Elkhart*, 87 F. 3d 872, 879 (7th Cir. 1996)(quoting *Wolf-Lillie v. Sonquist*, 699 F. 2d 864, 869 (7th Cir. 1983)).

9

Here, for reasons discussed above (Argument I, A), Plaintiff's claim against Chief Winslow in his official capacity, which is treated as a claim against the City of Springfield, fails. *Anderson*, 538 F. 3d at 770. Further, Plaintiff's claim against Chief Winslow in his individual capacity also fails as he does not allege any direct or personal involvement or participation by Chief Winslow regarding the incident and alleged injuries suffered by Plaintiff. *Grievson*, 538 F. 3d at 770. Indeed, the only allegations against Chief Winslow merely discuss the failure to properly train and instruct. (D.E. #12, ¶¶ 27-47) Moreover, low morale and polls do not evidence any direct or personal involvement or participation by Chief Winslow. Again, this allegation should be construed as a section 1983 "official custom of policy" claim, which has been appropriately addressed above (Argument I, A).

Accordingly, for the foregoing reasons, Plaintiff's failure to train allegations are insufficient regarding Defendant Chief Winslow in his official and/or individual capacity. His allegations are conclusory, lack sufficient factual matter, and are nothing more than a formulaic recitation of the elements of a cause of action. As a result, Count II against Defendant Chief Winslow is insufficient under federal pleading and should be dismissed pursuant to Rule 12(b)(6).

**II.     Count V - *Respondeat Superior* Claim Against Defendant City of Springfield**

Defendant incorporates and adopts this memorandum and their prior arguments in their initial motion to dismiss. (D.E. #5) Defendants acknowledge this Court denied their prior motion to dismiss regarding this count. (D.E. #9, pg. 10-12) For preservation of argument purposes, however, Defendants maintain that Plaintiff's allegations are conclusory, lack sufficient factual matter, and are nothing more than a formulaic

recitation of the elements of a cause of action. Clearly, Plaintiff's complaint is facially deficient as it fails to provide defendants fair notice of the charges and is legally insufficient under federal pleading requirements. *Iqbal*, 556 U.S. at 678.

Further, as previously argued, in *Monell*, 436 U.S. at 691, the Supreme Court established that "a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." Thus, the foregoing authority renders Plaintiff's *respondeat superior* claim against Defendant City of Springfield insufficient and implausible under the required pleading standards. As a result, this Court should dismiss Count V pursuant to Rule 12(b)(6).

Accordingly, for preservation of argument purposes, Defendant City of Springfield, prays this Court to grant Defendant City of Springfield's Motion to Dismiss regarding Count V.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendants City of Springfield and Kenny Winslow's prays this Court to grant Defendants City of Springfield's and Kenny Winslow's, Motion to Dismiss Plaintiff's Complaint.

           Respectfully submitted,

           BY:   /s/ John M. Zimmerman
           Assistant Corporation Counsel for
           Defendant the City of Springfield

**CERTIFICATE OF SERVICE**

  I hereby certify that on **July 9, 2019,** I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Jay Robert Anielak
308 E. High Street, Suite 106
Jefferson City, MO 65101
janielak@embargmail.com

                /s/ Starr Corbridge
                Paralegal II, City of Springfield