# IN THE UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# SPRINGFIELD DIVISION

| | |
|---|---|
| ROBERT HUMES, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )   No. 3:19-CV-3050 |
| | ) |
| SAMUEL ROSARIO, in his official and individual capacities; KENNY WINSLOW, in his official and individual capacities; and THE CITY OF SPRINGFIELD, ILLINOIS | ) ) ) ) ) ) |
| | ) |
|    Defendants. | ) |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge.**

This cause is before the Court on the Motion for Summary Judgment (d/e 26) filed by Defendants Kenny Winslow and the City of Springfield, Illinois and on the Motion for Partial Summary Judgment (d/e 27) filed by Plaintiff Robert Humes. For the reasons set forth below, Defendants' Motion (d/e 26) is GRANTED. Plaintiff's Motion (d/e 27) is GRANTED IN PART and DENIED IN PART.

## I. PROCEDURAL BACKGROUND

Plaintiff Robert Humes originally filed this suit in February 2019 against Samuel Rosario, who was at all times relevant employed as a police officer for the City of Springfield; Kenny Winslow, the Chief of Police ("Chief Winslow"); and the City of Springfield, Illinois ("City"). Plaintiff sued Officer Rosario and Chief Winslow in their official and individual capacities.

On June 26, 2019, Plaintiff filed a five-count Amended Complaint. Plaintiff brings claims pursuant to 42 U.S.C. § 1983, alleging that Officer Rosario unreasonably seized Plaintiff and deprived Plaintiff of liberty without due process of law in violation of the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution (Count One) and alleging that Chief Winslow and the City failed to train, instruct, and supervise Officer Rosario and other officers in the Springfield Police Department (Count Two). Plaintiff also brings state law claims against Officer Rosario for assault and battery (Counts Three and Four) and against the City under a respondeat superior liability theory (Count Five).

In July, 2019, this Court dismissed Plaintiff's Count Two official capacity claims against Chief Winslow, and dismissed

Count Five to the extent that Plaintiff sought to hold the City liable under § 1983 on a respondeat superior theory.

On July 6, 2020, the City and Chief Winslow moved for summary judgment on Counts Two and Five. Also on July 6, Plaintiff moved for summary judgment against Defendant Rosario on Counts One, Three, and Four and for summary judgment against the City on Count Five.

## II. FACTS

The following facts are taken from the parties' statements of undisputed facts.

Defendant Rosario was at all times relevant employed as a police officer for the City of Springfield. Defendant City of Springfield is a governmental subdivision of the State of Illinois and the supervising body of the Springfield Police Department. Defendant Kenny Winslow was at all times relevant the Chief of Police for the City of Springfield. On February 27, 2017, Defendant Rosario encountered Plaintiff Humes at Plaintiff's house while investigating a report of a crime committed by someone other than Plaintiff Humes. Defendant Rosario and Plaintiff Humes became engaged in a verbal confrontation, which turned violent

after Defendant Rosario shoved Plaintiff. Defendant Rosario then threw Plaintiff to the ground and punched him repeatedly. Video footage of the incident, taken from Defendant Rosario's body camera and the body camera of his colleague, Officer Manzanares, has been entered into evidence. Plaintiff was not charged with any crime in connection with this encounter, but Defendant Rosario was convicted of Official Misconduct and Battery following a jury trial in Illinois court in August, 2019.

On February 27, 2017, Chief Winslow ordered an outside criminal investigation of the incident and ordered that Defendant Rosario be placed on administrative leave; after an internal investigation of the incident, Chief Winslow recommended that Officer Rosario be terminated. The parties agree that "Springfield Police Officers, including Defendant Rosario, have been trained not to commit criminal assault and battery," and that Defendant Rosario also received education on the proper use of force pursuant to the Fourth Amendment and other relevant laws.

Plaintiff filed his initial complaint in this matter on February 27, 2019.

### III. JURISDICTION

This Court has subject matter jurisdiction because Plaintiff brings claims based on 42 U.S.C. § 1983, a federal law. See 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States"). The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. Venue is proper because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district. 28 U.S.C. § 1391(b)(2).

### IV. LEGAL STANDARD

Summary judgment is proper if the movant shows that no genuine dispute exists as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The movant bears the initial responsibility of informing the court of the basis for the motion and identifying the evidence the movant believes demonstrates the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). A genuine dispute of material fact exists if a reasonable trier of fact could find in favor of the nonmoving party. Carrol. v. Lynch, 698

F.3d 561, 564 (7th Cir. 2012). When ruling on a motion for summary judgment, the court must consider the facts in the light most favorable to the nonmoving party, drawing all reasonable inferences in the nonmoving party's favor. Egan Marine Corp. v. Great Am. Ins. Co. of New York, 665 F.3d 800, 811 (7th Cir. 2011).

### V. ANALYSIS

**A.   No Disputed Issue of Material Fact Exists with Respect to Defendant Rosario's Liability on Counts 1, 3, and 4.**

Defendant Samuel Rosario has not appeared or filed an answer to Plaintiff's Complaint. Rather than moving for an entry of default against Defendant Rosario pursuant to Federal Rule of Civil Procedure 55(a), Plaintiff has elected to move for summary judgment against Defendant pursuant to Rule 56. Unlike a default judgment, summary judgment requires Plaintiff to affirmatively show that no genuine issue of material fact exists. See Tobey v. Extel/JWP, Inc., 985 F.2d 330, 332 (7th Cir. 1993), as amended on denial of reh'g (Feb. 22, 1993) ("Rule 56(e) provides that if the adverse party does not respond to the motion, summary judgment shall be entered 'if appropriate'—that is, if the motion

demonstrates that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law.")

Plaintiff's summary judgment motion (d/e 27) adequately shows that Plaintiff is entitled to summary judgment against Defendant Rosario on Counts 1, 3, and 4. As Defendant Rosario has not responded to Plaintiff's Amended Complaint (d/e 16), the uncontradicted factual allegations therein are deemed admitted. See T.L. Swint Indus., Inc. v. Premiere Sales Grp., Inc., 16 F. Supp. 2d 937, 938 n.1 (N.D. Ill. 1998). Furthermore, Plaintiff has introduced evidence showing that Defendant Rosario was convicted of Official Misconduct and Battery in the Circuit Court for the Seventh Judicial Circuit of Illinois for the conduct giving rise to this suit. Plaintiff has also introduced a video recording of Defendant Rosario assaulting Plaintiff. Having reviewed the pleadings and the evidence submitted by Plaintiff Humes, the Court finds that Defendant Rosario is liable for willfully and maliciously violating Plaintiff's Fourth, Fifth, and Fourteenth Amendment rights under the U.S. Constitution. The Court further finds that Defendant Rosario is liable to Plaintiff for tortious assault and tortious battery under the common law of Illinois.

While Plaintiff Humes has shown that he is entitled to summary judgment against Defendant Rosario as to liability, significant questions of fact remain with respect to damages. Plaintiff has not stated the amount of his claimed damages on Counts One, Three, or Four, nor has he offered sufficient evidence for the Court to determine his damages with any degree of specificity. Further briefing on the issue of damages is therefore required.

**B.    The City and Chief Winslow Are Entitled to Summary Judgment on Plaintiff's Failure to Train and Supervise Claims**

Plaintiff's Amended Complaint alleges that Chief Winslow and the City "failed to properly train, instruct, and supervise" Defendant Rosario and that this failure caused Defendant Rosario to attack Plaintiff. See d/e 16, ¶¶ 28–29. According to Plaintiff Humes, this failure deprived him of his civil rights under the Fourth, Fifth, and Fourteenth Amendments in violation of 42 U.S.C. § 1983. See id.

A municipality can be liable under § 1983 where a custom, policy, or practice effectively caused or condoned the alleged constitutional violations. Monell v. Dep't of Soc. Servs. of the City

of New York, 436 U.S. 658, 690-91 (1978); see Matthews v. City of E. St. Louis, 675 F.3d 703, 708 (7th Cir. 2012).  A claim against a city employee in his official capacity is treated as a claim against the city.  Kentucky v. Graham, 473 U.S. 159, 165 (1985).

To state a Monell claim, a plaintiff must allege that (1) he has suffered the deprivation of a constitutional right and (2) that an official custom or policy of the local government caused that deprivation.  See Wagner v Washington Cty., 493 F.3d 833, 836 (7th Cir. 2007).  A plaintiff may establish an official policy or custom by showing: (1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a "custom or usage" with the force of law; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority.  Palmer v. Marion Cty., 327 F.3d 588, 594-95 (7th Cir. 2003) (citations omitted).

In limited circumstances, a municipality's decision not to train employees can rise to the level of a government policy.  Connick v. Thompson, 563 U.S. 51, 61 (2011).  A municipality's

failure to train and supervise employees constitutes a policy or custom if it "amount[s] to 'deliberate indifference to the rights persons with whom the [untrained employees] come into contact.'" Id. (quoting City of Canton, Ohio v. Harris, 489 U.S. 378, 388 (1989)); see also Sornberger v. City of Knoxville, Ill., 434 F.3d 1006, 1029 (7th Cir. 2006) ("Establishing Monell liability based on evidence of inadequate training or supervision requires proof of 'deliberate indifference' on the part of the local government."). "A pattern of similar constitutional violations by untrained employees is 'ordinarily necessary' to demonstrate deliberate indifference for purposes of failure to train."  Connick, 563 U.S. at 62 (quoting Bd. of Comm'rs of Bryan Cty. v. Brown, 520 U.S. 397, 409 (1997)) (further noting that "[w]ithout notice that a course of training is deficient in a particular respect, decisionmakers can hardly be said to have deliberately chosen a training program that will cause violations of constitutional rights").  However, in rare cases, a single incident may be sufficient to demonstrate deliberate indifference if the unconstitutional consequences of failing to train are obvious.  Canton, 489 U.S. at 390 n. 10 (giving hypothetical example that city policymakers know that officers will be required

to arrest fleeing felons and arm the officers with guns to allow them to do so; therefore, the need to train the officers in the constitutional limitation on the use of deadly force is so obvious that the failure to do so could be characterized as deliberate indifference).

Here, Plaintiff's Complaint alleges that various sources including Defendant Rosario's colleagues on the force and "[i]nternal affairs files" attest that Defendant Rosario was clearly struggling with personal problems in the days prior to his assault on Plaintiff Humes.  See id. ¶¶ 40–44.  These factual allegations were sufficient to state a claim under the liberal pleading standards applicable to a Rule 12(b)(6) motion, but in the absence of supporting evidence such allegations cannot survive summary judgment.  The City and Chief Winslow have denied all of the factual allegations relevant to Count II.  See d/e 18, pp. 7–8. Plaintiff has not introduced any evidence, whether documentary or in the form of depositions, that might convince a reasonable finder of fact of the existence of a pattern of unconstitutional violations. In fact, the two briefs filed by Plaintiff since Defendants' Answer was filed focus solely on the respondeat superior claims in Count V

and make no mention of the Count II failure to train and supervise claims. See d/e 29, 31. Summary judgment is the "put up or shut up" moment in a lawsuit, when a plaintiff must show what evidence it has that would convince a factfinder to accept its version of events. Johnson v. Cambridge Indus., Inc., 325 F.3d 892, 901 (7th Cir. 2003). Since Plaintiff has not presented any evidence demonstrating that his injuries were the result of a policy or custom in the Springfield Police Department, the City and Chief Winslow are entitled to summary judgment on Count II.

**C. Plaintiff Humes's Respondeat Superior Claims Against the City Are Time-Barred**

**(1) The Illinois Local Government Tort Immunity Act's One-Year Statute of Limitations Applies to Plaintiff's Respondeat Superior Claims**

In Count V of his Complaint, Plaintiff alleges that the City is vicariously liable for the various torts committed by Defendant Rosario outlined in Counts I, III, and IV. The City argues that it is entitled to summary judgment on this respondeat superior claim because Plaintiff's claims are time-barred pursuant to the one-year statute of limitations provided by the Illinois Local Government

Tort Immunity Act ("Tort Immunity Act").  See d/e 26, p. 3; 745 ILCS 10/8-101(a).

745 ILCS 10/8-101(a) prohibits plaintiffs from filing state law tort claims against local government entities such as the City more than one year after the accrual of the cause of action.  See 745 ILCS 10/8-101(a).  Plaintiff concedes that this one-year statute of limitations applies to his respondeat superior claim.  See d/e 29.  Plaintiff's injury occurred on February 27, 2017 and Plaintiff filed his initial Complaint exactly two years later on February 27, 2019.  Nevertheless, Plaintiff argues that Count V is not time-barred because the City waived or forfeited its statute of limitations defense by failing to explicitly raise said defense in an Answer to Plaintiff's Amended Complaint as required by Federal Rule of Civil Procedure 8(c).  See id., pp. 3–4.

The City responds that the affirmative defense of "immunity" under the Tort Immunity Act, as raised in the Answer (d/e 18), included the statute of limitations defense.  See d/e 30, p. 3.  The City also argues that it should not forfeit its statute of limitations defense regardless of whether it pleaded said defense in its Answer, because Plaintiff was not surprised or prejudiced by the City's

failure to specifically plead a statute of limitations defense prior to the filing of Defendants' Motion for Summary Judgment (d/e 26). See d/e 30, p. 5.

### (2) The City Has Not Forfeited Its Statute of Limitations Defense Because No Unfairness or Prejudice Resulted from Delay in Raising Statute of Limitations

Pursuant to Federal Rule of Civil Procedure 8(c), a defendant who wishes to raise an affirmative defense, such as a statute of limitations, must plead the defense in its answer to the complaint. See Venters v. City of Delphi, 123 F.3d 956, 967 (7th Cir. 1997). A failure to comply with Rule 8(c) does not normally result in the forfeiture of an affirmative defense, because a district court may choose to allow a defendant to belatedly amend its Answer pursuant to Rule 15(a), or to add new affirmative defenses in a pretrial motion. See Reed v. Columbia St. Mary's Hosp., 915 F.3d 473, 479 (7th Cir. 2019); Siwik v. Marshall Field & Co., 945 F. Supp. 1158, 1166 (N.D. Ill. 1996) (allowing statute of limitations defense even though defendant raised it in summary judgment motion rather than by "literally s[eeking] leave to amend under Rule 15(a)"). Forfeiture of an affirmative defense may result from a

failure to comply with Rule 8(c), however, if the defendant's delay results in unfair surprise or prejudice to the plaintiff.  See Reed, 915 F.3d at 478; Venters, 123 F.3d at 967 ("Once the availability of an affirmative defense is reasonably apparent, the defendant must alert the parties and the court to his intent to pursue that defense. A defendant should not be permitted to 'lie behind a log' and ambush a plaintiff with an unexpected defense.") (internal citations omitted); Cooley v. Bd. of Educ. of the City of Chicago, 761 F. Supp. 2d 808, 812 (N.D. Ill. 2011) (holding that defendant who waited until after the end of discovery to "sandbag the adversary" by asserting the Tort Immunity Act's statute of limitations forfeited the defense).

Here, the potential for surprise or prejudice due to the City's delay is low.  Plaintiff's decision to file his complaint on the last day of the two-year limitation period applicable to his § 1983 claims indicates that defense counsel was likely aware of the potential timeliness issues in this matter well before the close of discovery.  The City's assertion of a generalized Tort Immunity Act "immunity" defense in the Answer to Plaintiff's Amended Complaint also provided Plaintiff with some measure of notice.

Furthermore, the application of the Tort Immunity Act's statute of limitations to Plaintiff's state law claims against the City is straightforward and it is unlikely that additional time for briefing or discovery would have allowed Plaintiff to convincingly argue that Count V was timely filed. Plaintiff had ample time to reply to the City's summary judgment motion but has not offered any argument other than forfeiture in response to the City's statute of limitations defense. Nor has Plaintiff suggested that such an argument might have been formulated if discovery or additional time for briefing had been available. See Robinson v. Bd. of Educ. of City of Chicago, No. 96 C 92, 1999 WL 1209493, at *6 (N.D. Ill. Feb. 4, 1999) (holding that defendants had not forfeited statute of limitations claim raised for the first time in summary judgment motion because plaintiff was not prejudiced); Cf. Reed, 915 F.3d at 482 ("[T]he prejudice to [the defendant] from the delayed assertion of the defense is especially acute here because . . . the law governing the hospital's affirmative defense is still highly contestable and its application may well depend on a host of facts that would need to be explored in some depth."); Venters, 123 F.3d at 968 (noting that defendants raised statute of limitations defense

for the first time in a reply memorandum filed the night before oral argument, such that plaintiff had no opportunity to respond in writing).

It would have been advisable for the City to explicitly plead its statute of limitations defense sometime before the close of discovery. See Cooley, 761 F. Supp. at 812 ("If there was indeed a limitations problem with the claim, that would have been apparent from day one. And the Immunity Act should be at the top of the mental checklist of counsel who represent local governments and their employees."). Still, since the City gained no unfair tactical advantage by its delay, the Court does not find that the City has forfeited its statute of limitations defense. Accordingly, Plaintiff's respondeat superior claims are time-barred, and the City is entitled to summary judgment on Count V.

## VI. CONCLUSION

For the reasons stated, the Motion for Summary Judgment (d/e 26) filed by Defendants Kenny Winslow and the City of Springfield is GRANTED. The remaining claims against Kenny Winslow and the City of Springfield are DISMISSED. Plaintiff Humes's Motion for Summary Judgment (d/e 27) is GRANTED IN

PART, in that summary judgment is entered in favor of Plaintiff Humes against Defendant Rosario as to liability on Counts One, Three, and Four, and DENIED IN PART with respect to Plaintiff's claims against the City of Springfield.  The Final Pretrial Conference scheduled for April 5, 2021 at 2:00 p.m. and the Jury Trial scheduled for April 20, 2021 at 9:00 a.m. are VACATED.  A status hearing in this matter is scheduled for Friday, February 12, 2021 at 11:00 a.m.

**ENTERED: February 1, 2021**

**FOR THE COURT:**

*s/Sue E. Myerscough*
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**